IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| | ) 1:07cr404 (JCC) |
| v. | ) |
| PAUL GUILD, | ) |
| Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1) and Second Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1).  For the following reasons, this Motion will be granted in part and denied in part.

**I. Background**

This case arises out of alleged misconduct by Paul Guild ("Defendant") in Kiev, Ukraine, where he was performing a tour of duty as Regional Supervisory Executive Officer for the United States Agency for International Development ("USAID"). Mr. Guild began his tour of duty in September 2003.  During the summer of 2007, John Doe #2 ("JD2"), a minor child, lived with the Guild family.  Mr. Guild acted as an academic mentor for both JD2 and another minor child, John Doe #1 ("JD1") in his home. Mr. Guild allegedly sexually abused JD1 and JD2 in his home

1

during July and August of 2007, allegations laid out in the Superceding Indictment brought by the Government on December 6, 2007.

On October 23, 2007, Mr. Guild filed a Motion to Dismiss the Indictment for Improper Venue and/or Transfer Venue. The Court found that venue was proper in the Eastern District of Virginia and denied his Motion.  On November 23, 2007, Defendant filed a Motion to Compel Discovery and a Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a).  Defendant's Motion to Compel Discovery was granted in part and denied in part, and his Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a) was denied.  On November 29, 2007, Defendant filed a Motion to Dismiss the Indictment for Violation of his Constitutional Rights Under *Kastigar v. United States*, which was held in abeyance until the completion of a pretrial Kastigar hearing, scheduled for January 17 and 18, 2008.

On December 17, 2007, Defendant filed a Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1).  The Government responded on December 28, 2007.  On January 3, 2008, Defendant filed a Second Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1).  These Motions are currently before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 17(c)(1) states: "A

subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." *Id*. The Supreme Court has emphasized that "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (U.S. 1951). *See also United States v. Nixon*, 418 U.S. 638, 698 (1974)(citing Bowman Dairy Co. v. United States, 341 U.S. at 220); *In re Grand Jury 87-3 Subpoena Duces Tecum*, 884 F.2d 772, 775 (4th Cir. 1989), rev'd on other grounds, 498 U.S. 292 (1991); *United States v. Schembari*, 484 F.2d 931, 936 (4th Cir. 1973). In *United States v. Nixon,* the Supreme Court acted to avoid that result, adopting a test requiring that,

> in order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

418 U.S. at 699-700. The decision is in the discretion of the

3

Trial Court, which thus may grant a subpoena under Rule 17(c) for delivery before trial when the requesting party is able to "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity."  *Id.; see also United States v. Beckford*, 964 F. Supp. 1010, 1022 (E.D. Va. 1997).

### III. Analysis

In his first Motion, Defendant requests subpoenas prior to trial for a variety of documents, including email records for JD1, JD2, JD1's step-father, and JD2's mother, cell phone records for the mother of JD2, and academic and counseling records for JD2.  In his Second Motion, he requests subpoenas for documents from the U.S. Agency for International Development ("USAID") and the Department of State.  The documents requested from the Department of State include cell phone and email records for DSS agents, regulations regarding medical evacuation, and a variety of files relating to Defendant and the investigation against him.  The documents requested from USAID include personnel records and other records relating to JD2's mother, JD1's mother and stepfather, cell phone and email records for embassy employees, embassy log books and vehicle record logs, copies of regulations regarding medical evacuation, and a variety of files relating to Defendant and the investigation against him.  The only argument Defendant gives for why he should receive the documents is that they "are necessary to prepare the defense and to investigate

more detailed facts surrounding the acts that were alleged to have occurred." Mem. in Supp. of Def.'s Mot. for Issuance or Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1) at 2; Mem. in Supp. of Def.'s Second Mot. for Issuance or Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1) at 3.

The Government has responded to Defendant's First Motion and objects to most of the documents "on the grounds that the information sought is neither relevant nor discoverable under Fed. R. Crim. P. Rule 16, nor ha[s he] identified any reason to believe the items contain information discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972)." Mem. in Supp. Ex. B; Resp. of the Unites States to Mot. for Issuance of Subpoenas Pursuant to Fed. R. Crim. P. 17(c)(1). The Government does not object to the issuance of subpoenas for the email or cell phone records of JD1 and JD2. Given that Defendant filed his Second Motion after business hours on the evening prior to oral argument, the Government has not been granted the opportunity to provide a specific response to the subpoena requests contained therein, but has made a general objection to the provision of these documents before trial.

Defendant has failed to argue that the documents he has requested comply with the Supreme Court standard for Rule 17(c) subpoenas to be delivered before trial set forth in *United States v. Nixon*. He has not demonstrated the evidentiary value of the

records, that he has attempted to procure them through other methods, that the trial will be unreasonably delayed if they are not procured, or that the request is more than a "fishing expedition." Indeed, the argument made by Defendant that these documents are necessary to "investigate more detailed facts" sounds to this Court like a fishing expedition is exactly what the Defendant is requesting. Mem. in Supp. at 2. Defendant has utterly failed to meet the standard required by the Federal Rules of Criminal Procedure and the Supreme Court of the United States regarding the issuance of subpoenas before trial. However, since the Government does not object to the grant of subpoenas for the cell phone and email records of JD1 and JD2 and their evidentiary value is obvious to the Court, it will overlook the inadequate request for these particular documents and authorize the pretrial issuance of subpoenas for these records, to be delivered January 11, 2008. The balance of requested subpoenas will be granted for delivery on the date of trial, January 22, 2008.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1) will be granted in part and denied in part, and Defendant's Second Motion for Issuance of Subpoenas Pursuant Fed. R. Crim. P. 17(c)(1) will be denied.

An appropriate Order will issue.


January 8, 2008                              /s/
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE