IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07cr404 (JCC) |
| v. | ) | |
| | ) | |
| PAUL GUILD, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion for a Bill of Particulars Pursuant Fed. R. Crim. P. 7(f). For the following reasons, Defendant's Motion will be denied.

**I. Background**

This case arises out of alleged misconduct by Paul Guild ("Defendant") in Kiev, Ukraine, where he was performing a tour of duty as Regional Supervisory Executive Officer for the United States Agency for International Development ("USAID"). Mr. Guild began his tour of duty in September 2003. During the summer of 2007, John Doe #2 ("JD2"), a minor child, lived with the Guild family. Mr. Guild acted as an academic mentor for both JD2 and another minor child, John Doe #1 ("JD1") in his home. Mr. Guild allegedly sexually abused JD1 and JD2 in his home during July and August of 2007, allegations laid out in the Superceding Indictment brought by the Government on December 6,

2007.

On October 23, 2007, Mr. Guild filed a Motion to Dismiss the Indictment for Improper Venue and/or Transfer Venue. The Court found that venue was proper in the Eastern District of Virginia and denied his Motion.  On November 23, 2007, Defendant filed a Motion to Compel Discovery and a Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a).  Defendant's Motion to Compel Discovery was granted in part and denied in part, and his Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a) was denied.  During the Hearing on his Motion to Take Foreign Depositions, Defendant agreed to provide a final list of those he wished to depose under Rule 15(a) to the Court on December 31, 2007, stating that he desired "to satisfy ourselves and the Court that we have concrete, admissible or potentially admissible evidence from the individuals that we wish to take depositions of."  Hearing Tr. 8, Dec. 7, 2007. On November 29, 2007, Defendant filed a Motion to Dismiss the Indictment for Violation of his Constitutional Rights Under *Kastigar v. United States*, which was held in abeyance until the completion of a pretrial Kastigar hearing, scheduled for January 17 and 18, 2008.

On December 11, 2007, Defendant filed a Motion for a Bill of Particulars Pursuant to Fed. R. Crim. P. 7(f).  The Government responded on December 20, 2007, and Defendant filed a

reply on December 26, 2007. This Motion is currently before the Court.

## II. Standard of Review

Pursuant to Rule 7(f), the Court may direct the Government to file a bill of particulars. Ordinarily, the function of a bill of particulars is not to provide "detailed disclosure of the government's evidence in advance of trial" but is granted in order to supply "any essential detail which may have been omitted from the indictment." *United States v. Anderson*, 481 F.2d 685 (4th Cir. 1973) *aff'd* 417 U.S. 211 (1974). A trial court's decision to grant or deny a bill of particulars is reviewed for abuse of discretion. *See United States v. Schembari,* 484 F.2d 931, 934 (4th Cir. 1973)*.*

## III. Analysis

Defendant argues that the superseding indictment is insufficient because it "fail[s] to provide specific dates and times for when the charged offenses occurred," does "not provide sufficient detail so as to clarify whether Mr. Guild is being charged with eight counts arising from eight separate acts, or whether the Grand Jury has charged several offenses for single acts," and "fails to allege specific facts." Mem. in Supp. of Def.'s Mot. for a Bill of Particulars Pursuant Fed. R. Crim. P. 7(f) at 2, 4.

A bill of particulars is provided "to enable a

3

defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-935 (4th Cir. 1973) (citing *United States v. Dulin*, 410 F.2d 363, 364 (4th Cir. 1969). It "is not to be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Laboratories, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985)(citing *United States v. Anderson, 481 F.2d 685* (4th Cir. 1973). The Fourth Circuit has held that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998). If "the indictment adequately details the charges, or the information requested is otherwise available, then no bill of particulars is required." *United States v. Esquivel*, 755 F. Supp. 434, 436 (D.D.C. 1990) (citing *United States v. Butler*, 262 U.S. App. D.C. 129, 822 F.2d 1191, 1193 (1987)); *see also Schembari*, 484 F.2d at 935 ("Because we believe that the underlying objectives of a Rule 7(f) motion were fully satisfied by the government's voluntary disclosure of its file, we can find

no abuse of the trial judge's discretion.").

Defendant argues that the Superceding Indictment is insufficient because the facts it alleges are not specific enough and merely restate the particular statute Defendant is charged with violating. The elements of the offense are clearly indicated, and if Defendant is prosecuted again for the same offense, the indictment is sufficiently clear to allow him to plead double jeopardy. Each count of the indictment identifies with specificity the particular action Defendant is alleged to have initiated in violation of the statute. For example, the Superceding Indictment charges that Defendant "intentionally touched the genitalia of John Doe #2, that is, his penis," that "[s]pecifically, [Defendant] did intentionally touch John Doe #1's anus with his finger," and that, "[s]pecifically, [Defendant] did intentionally touch, by striking, John Doe #2's buttocks with his hand." Superseding Indictment at 3, 4, 6. Beyond a mere recitation of the statute Defendant is charged with violating, each count of the indictment also includes the specific action alleged by Defendant that violated the statute, thus meeting the Fourth Circuit's requirement that indictment "fairly inform the defendant of the exact charges." *Williams*, 152 F.3d at 299.

Defendant argues that the Superseding Indictment's descriptions of the offenses are insufficient because the

indictment fails to identify the specific dates and times the alleged actions occurred.  However, "[w]here a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required" in the indictment.  *United States v. Smith*, 441 F.3d 254, 261 (4th Cir. 2006)(citing *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994)).  If "time is not an element of [the charged offense] and there is no argument that the statute of limitations had expired, the indictment was not unconstitutionally vague." *Id.*  Additionally, the Government has provided more information regarding the specific times and locations of the alleged incidents which gave rise to the charges and made clear which charges relate to which incidents.  *See, e.g.,* Gov.'s Resp. to Def.'s Mot. for a Bill of Particulars at 2-3.  The Government's provision of information addresses Defendant's request for specificity and more than meets the objectives of a Rule 7(f) motion.  *See, e.g., Schembari*, 484 F.2d at 935.  Even were the Court to find that the Superceding Indictment was not Constitutionally sufficient, the additional information given to Defendant renders a bill of particulars unwarranted.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for a Bill of Particulars Pursuant Fed. R. Crim. P. 7(f) will be denied.

An appropriate order will issue.

January 8, 2008  /s/
Alexandria, Virginia James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE