IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:07cr404 (JCC) |
| v. | ) | |
| | ) | |
| PAUL GUILD, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Take Foreign Depositions Pursuant Fed. R. Crim. P. 15(a) and several other requests made orally in a hearing held January 4, 2008. For the following reasons, (1) Defendant's Motion to take Foreign Depositions Pursuant Fed. R. Crim. P. 15(a) will be denied, (2) Defendant's oral request to subpoena ambassadors pursuant to Local Rule 17(D) will be denied, and (3) Defendant's oral Motion for Discovery Related to Venue will be denied. Further filings are required by the parties for the Court to rule on the remaining issues.

**I. Background**

This case arises out of alleged misconduct by Paul Guild ("Defendant") in Kiev, Ukraine, where he was performing a tour of duty as Regional Supervisory Executive Officer for the United States Agency for International Development ("USAID").

1

Mr. Guild began his tour of duty in September 2003.  During the summer of 2007, John Doe #2 ("JD2"), a minor child, lived with the Guild family.  Mr. Guild acted as an academic mentor for both JD2 and another minor child, John Doe #1 ("JD1") in his home.  Mr. Guild allegedly sexually abused JD1 and JD2 in his home during July and August of 2007, allegations laid out in the Superceding Indictment brought by the Government on December 6, 2007.

On October 23, 2007, Mr. Guild filed a Motion to Dismiss the Indictment for Improper Venue and/or Transfer Venue.  The Court found that venue was proper in the Eastern District of Virginia and denied his Motion.  On November 23, 2007, Defendant filed a Motion to Compel Discovery and a Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a).  Defendant's Motion to Compel Discovery was granted in part and denied in part, and his Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a) was denied.  During the Hearing on his Motion to Take Foreign Depositions, Defendant agreed to provide a final list of those he wished to depose under Rule 15(a) to the Court on December 31, 2007, stating that he desired "to satisfy ourselves and the Court that we have concrete, admissible or potentially admissible evidence from the individuals that we wish to take depositions of."  Hearing Tr. at 8, Dec. 7, 2007.

On November 29, 2007, Defendant filed a Motion to

Dismiss the Indictment for Violation of his Constitutional Rights Under *Kastigar v. United States.* The Kastigar hearing was begun on December 14, 2007, in order to allow the Court to determine whether an immunized statement had impermissibly tainted the Government's investigation or prosecution. The Court's determination of the merits of the Motion to Dismiss the Indictment was held in abeyance until the completion of a pretrial Kastigar hearing, scheduled for January 17 and 18, 2008.

On December 18, 2007, Defendant requested subpoenas for several foreign nationals and United States Government employees. The Court replied with a letter dated December 21, 2007, requesting that Defendant provide further information on the need to issue subpoenas to those outside of the United States and that he follow the proper procedures for requesting subpoenas for foreign nationals and Government employees. On December 31, 2007, Defendant replied with a letter giving more information about each of the proposed witnesses and including further requested subpoenas. During the Motions Hearing on January 4, 2008, Defendant withdrew his request for subpoenas of foreign nationals and made a request that their testimony be produced during the trial via video conference and renewed his request for the issuance of other subpoenas, including a request to subpoena two ambassadors pursuant to Local Rule 17(D). Defendant's request for issuance of subpoenas is currently before the Court.

On December 31, 2007, Defendant filed a Supplemental Memorandum in Support of Defendant's Motion to Take Foreign Depositions Pursuant Fed. R. Crim. P. 15(a).  The Government responded on January 2, 2008.  During the hearing on January 4, 2008, Defendant made several other oral motions regarding discovery requests and videoconferencing requests for trial and hearing witnesses.  These Motions are currently before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 15(a) provides that this Court may allow a party in a criminal case to depose a prospective witness "in order to preserve testimony for trial . . . because of exceptional circumstances and in the interest of justice."  *Id.*  The burden for establishing the necessity of the deposition is on the movant, and the Court's decision is reviewed for abuse of discretion.  *See, e.g., United States v. Kelley*, 36 F.3d 1118, 1124-25 (D.C. Cir. 1994).

Federal Rule of Criminal Procedure 17 provides for the issuance of subpoenas for criminal trials.  *Id.*  A trial court's decision of whether to order that a subpoena be issued is reviewed for abuse of discretion.  *United States v. Johnson*, 1992 U.S. App. LEXIS 13915, 5-9 (4th Cir. 1992) (citing *United States v. Webster*, 750 F.2d 307, 32930 (5th Cir. 1984)).

4

## III. Analysis

### A) Rule 15(a)

Defendant indicated at the Motions Hearing on January 4, 2008`, that he would withdraw his Motion for Foreign Depositions if the Court granted his request that testimony of foreign witnesses be adduced through videoconferencing. Hearing Tr. p. 22, 21-25, Jan. 4, 2008.  The Court will first address the merits of Defendant's Motion, then will address the question of videoconferencing below.

Under Rule 15(a), the Court may grant a motion for a foreign deposition in a criminal case "because of exceptional circumstances and in the interest of justice."  Fed. R. Crim. P. 15(a).  In general, courts "require a party seeking a deposition to establish both that the witness' testimony is material and that the witness will likely be unavailable to testify at trial." *United States v. Hajbeh*, 284 F. Supp. 2d 380, 384 (E.D. Va. 2003).  A party "can establish materiality . . . by showing that the evidence is: (1) exculpatory and (2) not merely corroborative or cumulative of other evidence."  *Id.* at 384-85.  The bar to obtaining a foreign deposition is high, and Courts have attempted "to ensure that courts permit Rule 15(a) depositions only in rare instances, a result the language of the Rule clearly intended." *Id.* at 384.

In deciding whether the exceptional circumstances exist

to warrant the grant of Rule 15(a) depositions, "analysis properly begins with the question whether the proffered testimony is material.  Absent materiality, Rule 15(a) cannot apply."  *Id*.  The Court denied Defendant's previous Motion to Take Foreign Depositions, noting that "Defendant does not give the Court much information on any of the fifteen persons he wishes to depose or what their testimony may be," and thus whether their testimony would be exculpatory, and that he also had "not demonstrated that the evidence from these witnesses would not be cumulative." Mem. Op. at 19, 20, Dec. 12, 2007.  Defendant still fails to provide the information necessary to meet the high bar required by Rule 15(a).  He does not address the Court's earlier holding that "[t]he information provided by Defendant . . . is too scant to meet the burden of establishing materiality," and does not provide more complete information regarding the testimony of the witnesses.  *Id*. at 20.  Although Defendant adds to his list of desired deponents, the information he provides regarding their prospective testimony is just as scant as for the initially requested deponents.  Defendant fails to demonstrate that the evidence to be adduced from proposed deponents would be material and non-cumulative at trial.

In addition, in order to obtain a court order to take a foreign deposition, Defendant must demonstrate that the witness is unavailable to testify at trial.  In the Memorandum Opinion

denying Defendant's initial Rule 15(a) Motion, the Court found that Defendant "ha[d] not persuasively demonstrated that any of these witnesses are actually unavailable" at trial, and thus had not met the standard for the grant of Rule 15(a) depositions. *Id.* at 18.  In his Supplemental Memorandum, Defendant addresses the unavailability of a few witnesses, but fails to provide any affidavits or evidentiary support with respect to his claims. Indeed, a footnote states that Defendant himself is unaware of "whether the named witnesses will voluntarily appear at trial." Supp. Mem. at 1 n.1.  As with his previous Rule 15(a) Motion, "Defendant has not persuasively demonstrated that any of these witnesses are actually unavailable," and still "has included no affidavits, court testimony, or even statements from potential deponents delineating their inability to testify at trial."  Mem. Op. at 18.

In addition to taking depositions for witnesses who will be unavailable at trial, Defendant also requests depositions of witnesses for the pretrial Kastigar hearing.  However, Defendant provides the Court with no authority or legal argument in support of his desire to take depositions in connection with a pretrial hearing.  Rule 15(a) authorizes the Court to grant a motion allowing "a prospective witness be deposed in order to preserve testimony *for trial*," and then "only in exceptional situations."  Fed. R. Crim. P. 15(a) (emphasis added); Fed. R.

Crim. P. 15(a) advisory committee's note.  Even were the Court to hold that depositions would be appropriate for the purposes of a pretrial hearing in a criminal case, Defendant does not provide any evidence that the proposed deponents would be unavailable or that their testimony would be sufficiently material to meet the Rule 15(a) standard.  Defendant has failed to meet the Rule 15(a) standard for taking depositions in a criminal case.

**B) Request for Further Subpoenas**

1) Foreign Nationals

At the Motions Hearing on January 4, 2008, Defendant withdrew his request for trial subpoenas for foreign nationals upon his realization that this Court cannot subpoena non-citizens residing overseas.  *See, e.g., United States v. Moussaoui*, 382 F.3d 453, 463-464 (4th Cir. 2004)(it is a "well established and undisputed principle that the process power of the district court does not extend to foreign nationals abroad").  However, Defendant has not withdrawn his request for subpoenas for several Government employees, some of whom live abroad.  These requests remain before the Court.

2) Government Employees

The Government employees Defendant wishes to subpoena are employed by agencies which have, "pursuant to 5 U.S.C. § 301, . . . promulgate[d] so-called Touhy regulations to govern the conditions and procedures by which their employees may testify

about work related issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007)(citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). *Touhy* regulations "allow for the 'centralizing [of an agency's] determination as to whether subpoenas . . . will be willingly obeyed or challenged.'" *United States v. Rosen*, 2007 U.S. Dist. LEXIS 81530, 15-16 (E.D. Va. 2007)(citing *Touhy*, 340 U.S. at 468). To comply with these regulations, "a defendant or litigant wishing to subpoena a government official or government documents must serve the subpoena on the head of each agency or department, failing which the subpoena must be quashed." *Id.* To secure the testimony of government witnesses at trial or pretrial hearings, Defendant is required to proceed in accordance with the *Touhy* regulations of the federal agencies that employ the desired witnesses.

   3) <u>Ambassadors</u>

In order for the Court to grant Defendant's request to subpoena ambassadors pursuant to Local Rule 17(D), Defendant must make a "prima facie showing that the testimony of these government officials is relevant and favorable to the defense." *United States v. Rosen*, 2006 U.S. Dist. LEXIS 97032 (E.D. Va. 2006)(citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (U.S. 1982)("the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and

9

testimony of any and all witnesses: it guarantees him 'compulsory process for obtaining witnesses in his favor'" whereby he "must at least make some plausible showing of how their testimony would have been both material and favorable to his defense").

Defendant seeks to subpoena two ambassadors. He has asserted that Ambassador Taylor will testify as to his role in the transfer of Defendant to the United States as it relates to the question of venue and as to Defendant's character. Hearing Tr. p. 9, 7-18, Jan. 4, 2008. However, Defendant also stated that Ambassador Taylor "has indicated that he only wishes to speak to us with respect to Mr. Guild's character," suggesting to the Court that Defendant's proffer of his testimony is speculative, at best. *Id.* at p. 11, 19-21. As in the case of the Rule 15(a) deponents, above, Defendant has not shown that this testimony would be both exculpatory and non-cumulative, and thus has not fulfilled the requirement of materiality. Similarly, the only proffered testimony of Ambassador Herbst is that he "will provide testimony relating to Mr. Guild's reputation and character," an explanation which likewise fails to meet the materiality requirement. Letter from J. Michael Hannon, Attorney, Hannon Law Group, LLP, to The Honorable James C. Cacheris, United States District Judge, Eastern District of Virginia (Dec. 31, 2007)(on file with the Court). Defendant has not made the required prima facie showing that the testimony of

either ambassador is relevant or favorable to the defense. Therefore, Defendant's Motion to subpoena the ambassadors pursuant to Local Rule 17(D) will be denied.

### 4) Testimony Regarding Venue

Defendant has asserted to the Court that he intends to elicit testimony regarding the appropriateness of this venue from several of his intended witnesses.  This Court held a hearing on November 9, 2007, to examine the question of whether the Eastern District of Virginia is an appropriate venue for this action.  The Court found that venue was appropriate and in accord with the governing statute, and therefore denied Defendant's Motion to Dismiss the Indictment for Improper Venue.  Since that ruling, Defendant has continued to request discovery related to venue and to insist that the question of venue should be submitted to the jury.  Both parties are requested to file Memorandum with the Court presenting their arguments regarding the existence of questions of disputed fact with respect to the issue of venue that would rightly be decided by a jury.

### C) **Video Testimony**

As an alternative to taking depositions of foreign witnesses or issuing subpoenas for them to appear at trial, Defendant requested that the Court allow foreign witnesses to testify in trial via videoconferencing rather than in person because of the expense of bringing foreign witnesses to Court.

11

The Federal Rules of Criminal Procedure mandate that "[i]n every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§ 2072-2077." Fed. R. Crim. P. 26. The Government opposes the use of videoconferencing to obtain the testimony of U.S. citizens. They are subject to the subpoena power of the Court, and, unlike foreign nationals, may be ordered to appear. The Government argues that there is a strong preference for testimony to be offered live, in open court, and that Defendant has not offered sufficient, specific arguments as to why United States citizens, subject to the subpoena power of the Court, should not be required to testify at trial.

The Eleventh Circuit, addressing the question of the admissibility of video testimony, explains that history counters the argument that "admission of video testimony is within the inherent powers of trial courts." *United States v. Yates*, 438 F.3d 1307, 1314 (11th Cir. 2006). It cites to the Supreme Court's response to the Advisory Committee on the Criminal Rules' 2002 suggested revision to Federal Rule of Criminal Procedure 26 to allow testimony via videoconferencing, noting that the Supreme Court "declined to transmit the proposed revision to Rule 26 that would have allowed testimony by two-way video conference" to Congress along with the proposed amendments to the Federal Rules. "Justice Scalia filed a statement explaining that he shared 'the

majority's view that the Judicial Conference's proposed Fed. Rule Crim. Proc. 26(b) is of dubious validity under the Confrontation Clause of the Sixth Amendment to the United States Constitution'" because "they would not limit the use of remote testimony to 'instances where there has been a "case-specific finding" that it is "necessary to further an important public policy"'" in accord with Supreme Court precedent.  *Id.* at 1314-15 (citing Order of the Supreme Court, 207 F.R.D. 89, 93 (2002)).  The Fourth Circuit also recognizes the importance of live testimony in a criminal trial.  *See, e.g., United States v. Baker*, 45 F.3d 837, 844-845 (4th Cir. 1995)(comparing the goal of commitment hearings, where videoconferencing is allowed, to that of a criminal trial, where the importance of live testimony is much greater).

The preference in favor of live testimony in a criminal trial is significant, and an oral motion to allow videoconferencing is not alone sufficient to overcome that preference.  Therefore, the Court will request that Defendant file a written Motion and Notice of Hearing to present to the Court his legal arguments for the allowance of taking testimony via video conference.[1]

### D) **Motion for Discovery Related to Venue**

---

[1] The Court notes that during the Motions Hearing on January 4, 2008, Defendant argued for the need to subpoena three parties to appear via video conference for the Kastigar hearing.  However, as he has neither moved to allow videoconferencing at the Kastigar hearing nor issued subpoenas for those parties, the Court will not here address the question of videoconferencing at the pretrial hearing.

Defendant requests the provision of the redacted portion of a document, marked Government Exhibit 1, given to the Defendant by the Government during the first stage of the Kastigar hearing, held December 14, 2007.  The document is a memorandum written by one agent when transferring the Defendant's case to another agent.  The redacted portion addresses the question of venue and the Government's prosecution strategy.  The Government argues that this is another attempt by Defendant to compel discovery relating to venue, a Motion which has previously been denied by this Court.  The Court finds that the non-redacted portion of the document provided to Defendant contains the information that is relevant for the purpose of the Kastigar hearing, and that Defendant's Motion is an attempt to compel discovery related to venue.  As this Court has previously denied similar Motions on November 20, 2007, and December 7, 2007, the Court sees no need to revisit the issue.  Defendant is not entitled to the redacted portion of the document.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Take Foreign Depositions Pursuant to Fed. R. Crim. P. 15(a) will be denied, Defendant's oral Motion to subpoena ambassadors pursuant to Local Rule 17(D) will be denied, and Defendant's oral Motion for Discovery Related to Venue will be denied.

Defendant will be requested to file a Motion with this

Court regarding his desire to elicit witness testimony through videoconferencing rather than live appearance at trial. Defendant and the Government will be requested to file memorandum with the Court regarding the existence of questions of fact for the jury on the issue of venue.

      An appropriate order will issue.

January 9, 2008                                 /s/
Alexandria, Virginia               James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE