```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


UNITED STATES                    )
                                 )
       Plaintiff,                )
                                 )            1:07cr404 (JCC)
       v.                        )
                                 )
PAUL GUILD,                      )
                                 )
       Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to Strike Government's Notice of Expert Witness. For the following reasons, this Motion will be denied.

### I. Background

This case arises out of alleged misconduct by Paul Guild ("Defendant") in Kiev, Ukraine, where he was performing a tour of duty as Regional Supervisory Executive Officer for the United States Agency for International Development ("USAID"). Mr. Guild began his tour of duty in September 2003. During the summer of 2007, John Doe #2 ("JD2"), a minor child, lived with the Guild family. Mr. Guild acted as an academic mentor for both JD2 and another minor child, John Doe #1 ("JD1") in his home. Mr. Guild allegedly sexually abused JD1 and JD2 in his home during July and August of 2007, allegations laid out in the Superceding Indictment brought by the Government on December 6,

1

2007.

On December 14, the Government provided Defendant a letter expressing its intention to call an expert witness. It followed the initial letter with a more explicit Notice, including the name and the curriculum vitae of its witness. On January 7, 2008 Defendant filed a Motion to Strike Government's Notice of Expert Witness.  On January 9, 2008, the Government sent Defendant a third letter, explaining in more detail the bases for their proposed expert's testimony.  On January 11, 2008, the Government filed a response to Defendant's Motion with the Court.  This Motion is before the Court.

## II. Standard of Review

Federal Rule of Criminal Procedure 16(a)(1)(G) states:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

If the Court determines that a party has not complied, "[t]he decision whether to impose a sanction for a violation of Rule 16(a)(1)(G) rests within the district court's discretion." *United States v. Suthar*, 221 Fed. Appx. 199, 202 (4th Cir. 2007).

Rule 702, which was amended effective December 1, 2000, to reflect the Supreme Court's rulings in *Daubert v. Merrell Dow*

2

*Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), now provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.[1] Expert testimony, in order to be reliable, "must be based on scientific, technical, or other specialized <u>knowledge</u> and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) (citing *Daubert*, 509 U.S. at 590, 592-93) (emphasis in original). "Reliability of specialized knowledge and methods for applying it to various circumstances may be indicated by testing, peer review, evaluation of rates of error, and general acceptability." *Id.* (citing *Daubert*, 509 U.S. at 593-94). A district court's decision with respect to the admissibility of expert scientific testimony "is always a flexible one, and the court's conclusions

---

[1] The Court notes that the holding of *Daubert* is as readily applicable in cases involving psychologists as in those in which the proffered expert testimony is of a more scientific nature. *See Kumho Tire Co.*, 526 U.S. at 141.

necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." *Id.*; *see also Cooper*, 259 F.3d at 200 (noting the Supreme Court's statement in *Kumho Tire* that trial judges "must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable") (quoting *Kumho Tire*, 526 U.S. at 152); *Barnette*, 211 F.3d at 816 (noting the Fourth Circuit's consistent practice of giving "great deference" to a trial court's *Daubert* ruling).

### III. Analysis

Defendant argues that "the 'notice' provided by the Government regarding the expert's anticipated testimony is insufficient because it fails to provide adequate notice of the expert's opinions, fails to state the bases and reasons for those opinions, and also fails to state her qualifications." Mem. in Supp. at 1. At the Motions Hearing, he qualified his argument, stating that the Notice's lack of specificity was due to the fact that it gave topics of possible testimony rather than outlining the express content of the expert's potential testimony or stating specific opinion. Defendant also withdrew his argument that the Notice failed to state the expert's qualifications, accepting the proffered Curriculum Vitae as sufficient.

The Government argues that it has provided sufficient Notice to Defendant. The January 4, 2008, letter sent to

Defendant includes a general description of the expert's proposed testimony and a 16 page curriculum vitae outlining her qualifications.  The letter sent on January 9, 2008, contains an even more explicit explanation of the specific information and training upon which their expert will base her opinion.  The Government asserts that the information provided is sufficiently detailed and explicit about the topics of testimony and their bases, thoroughly complying with Rule 16(a)(1)(G).

Defendant argues that the Court should strike the proposed expert and exclude her testimony from trial.  Defendant relies upon *Taylor v. Illinois*, 484 U.S. 400, 414-415 (U.S. 1988), characterizing the Supreme Court as holding "that a district court does not abuse its discretion by striking an expert if the Rule 16 violation demonstrates either bad faith or that the party was attempting to gain a tactical advantage."  Mem. in Supp. at 2.

The Supreme Court in *Taylor v. Illinois* addresses the question of whether a defendant's constitutional rights are violated when a trial court precludes a fact witness due to defense counsel's failure to abide by discovery or other procedural rules.  *Taylor*, 484 U.S. 400.  It does not discuss prosecution witnesses, expert witnesses, or the requirements of Rule 16, although it does explicitly affirm the right of a trial judge to "insist on an explanation for a party's failure to

5

comply with a request to identify his or her witnesses <u>in advance of trial</u>." *Id.* at 415 (emphasis added).  In a case where the failure to identify witnesses before the trial begins is found to be "willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence," the Supreme Court found that it would not be unconstitutional for the trial court "to exclude the witness's testimony."  *Id.*  However, as the situation in this instance is that of the prosecution giving notice of an expert witness to Defendant in advance of trial, and any failure in this notice was quickly remedied in advance of trial, the Court finds that Defendant's reliance on *Taylor* is misplaced.

If the Court were to determine that Rule 16 was violated and a sanction would be appropriate, it "must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith [and] the degree of prejudice, if any, suffered by the defendant."  *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997).  The Fourth Circuit has held that, in cases where Rule 16 is violated, "[t]he sanction of exclusion of testimony, . . . 'is almost never imposed' absent a constitutional violation or statutory authority for the exclusion."  *United States v. Suthar*, 221 Fed. Appx. 199, 202 (4th Cir. 2007)(quoting *United States v. Charley*, 189 F.3d 1251,

1262 (10th Cir. 1999)).  The Court sees no need to impose sanctions, let alone to exclude the Government's expert witness.  Any defect in the Government's Notice has already been cured.  The information provided by the Government is sufficient to meet the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) and provide adequate Notice of Expert Witness to Defendant.  The Defendant has adequate opportunity to cross-examine the witness and adduce rebuttal evidence.  Defendant has not showed that the Government acted in bad faith, nor that Defendant suffered prejudice.

Defendant contends that, even if the Court deems the Government's Notice of Expert Witness adequate, the testimony that its expert will give would not be admissible because it is regarding the credibility of other witnesses and testimony about their mental state.  The Government has made a sufficient initial showing to demonstrate the potential relevance of their expert witness's proposed testimony.  The Court will withhold further judgment on the relevance and admissibility of the witness's testimony until it is offered at trial.

### IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Strike Government's Notice of Expert Witness will be denied.

An appropriate Order will issue.

January 14, 2008                              /s/
Alexandria, Virginia                   James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE