```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

UNITED STATES                   )
                                )
        Plaintiff,               )
                                )            1:07cr404 (JCC)
        v.                       )
                                )
PAUL GUILD,                      )
                                )
        Defendant.               )
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Government's Motions to Quash Subpoenas as to USAID and AUSA Haynes.  For the following reasons, these Motions will be granted in part and reserved in part.

### I. Background

This case arises out of alleged misconduct by Paul Guild ("Defendant") in Kiev, Ukraine, where he was performing a tour of duty as Regional Supervisory Executive Officer for the United States Agency for International Development ("USAID"). Mr. Guild began his tour of duty in September 2003.  During the summer of 2007, John Doe #2 ("JD2"), a minor child, lived with the Guild family.  Mr. Guild acted as an academic mentor for both JD2 and another minor child, John Doe #1 ("JD1") in his home. Mr. Guild allegedly sexually abused JD1 and JD2 in his home during July and August of 2007, allegations laid out in the

1

Superceding Indictment brought by the Government on December 6, 2007.  Assistant United States Attorney Patricia Haynes ("AUSA Haynes") is a prosecutor in this case.

On January 4, 2008, Defendant filed a Motion to Dismiss for Prosecutorial Misconduct.  Defendant requested that the Court authorize subpoenas for employees of USAID and AUSA Haynes to testify at the hearing on that Motion, noticed for January 14, 2008.  In addition, Defendant requested subpoenas for AUSA Haynes to testify at a pretrial Kastigar Hearing on January 17, 2008, and for USAID employee testimony and document production for trial on January 22, 2008.  On January 11, 2008, the Government filed an Emergency Motion to Quash Subpoenas to USAID and Its Employees and a Motion to Quash Subpoenas as to AUSA Haynes.  Defendant responded to the Motion as to USAID on January 11, 2008, and as to AUSA Haynes on January 13, 2008.  The Motions to Quash Subpoenas are currently before the Court.

## II. Standard of Review

"Pursuant to 5 U.S.C. § 301, federal agencies may promulgate so-called Touhy regulations to govern the conditions and procedures by which their employees may testify about workrelated issues at trial." *United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007)(citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 468 (1951). *Touhy* regulations "allow for the 'centralizing [of an agency's] determination as to

whether subpoenas . . . will be willingly obeyed or challenged.'" *United States v. Rosen*, 2007 U.S. Dist. LEXIS 81530, 15-16 (E.D. Va. 2007)(citing *Touhy*, 340 U.S. at 468). To comply with these regulations, "a defendant or litigant wishing to subpoena a government official or government documents must serve the subpoena on the head of each agency or department, failing which the subpoena must be quashed." *Id.* "Generally, the resolution of discovery disputes, that is, whether to grant or deny a motion to compel or, in this case, whether to enforce or quash a party's subpoena, is left within the district court's broad discretion." *In re OSB Antitrust Litig.*, 2006 U.S. Dist. LEXIS 91406, 8-7 (D.N.C. 2006) (citing *Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 542 (4th Cir. 2004)*; Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)*; Erdmann v. Preferred Research Inc.,* 852 F.2d 788, 792 (4th Cir. 1988)*; LaRouche v. National Broadcasting Co.,* 780 F.2d 1134, 1139 (4th Cir. 1986)).

### III. Analysis

A) Subpoenas as to USAID

Defendant delivered testimonial subpoenas to several employees of USAID. He requested that eight employees appear as witnesses at trial on January 22, 2008, and three additional employees appear as witnesses both at trial and at a hearing regarding Defendant's Motion to Dismiss for Prosecutorial

3

Misconduct on Monday, January 14, 2008.  In addition, Defendant delivered subpoena duces tecum on USAID requiring the production of 24 classes of documents for trial.

USAID has promulgated Touhy regulations requiring that a party seeking testimony from USAID employees regarding "any information or material acquired by any person while such person was an employee of the Agency as a part of the performance of his official duties or because of his official status" furnish to the General Counsel "a written summary of the information sought, its relevance to the proceeding in connection with which it was served and why the information sought is unavailable by any other means or from any other sources."  22 CFR §§ 206.1(a), 206.3(a).  USAID asserts that such summary was not provided with the subpoenas delivered by Defendant, nor was there any indication that USAID should refer to earlier correspondence as filling the role of such summary.  Defendant argues that the earlier correspondence between Defendant's counsel and USAID forms the appropriate summary in accord with the Touhy regulations and that the Motion to Quash should thus be denied.  During the Motions Hearing, USAID submitted that, since it has further information from Defendant regarding the information sought, it may be able to come to an agreement with Defense Counsel regarding the subpoena requests for USAID employees to testify at trial, but that it had not had sufficient time to fulfill the internal

inquiry required by its Touhy regulations with regard to the subpoenas for employee testimony that day. Hearing Tr. 3-4, Jan. 14, 2008.

When he delivered the subpoenas to USAID on January 10, 2008, Defendant did not include the requisite summary nor any allusion to earlier correspondence that would allow General Counsel for USAID to quickly consider the subpoena requests for the three employees requested for appearance Monday, January 14, 2008. Therefore, USAID's Motion to Quash Subpoenas as to the appearance of those three employees on Monday, January 14, 2008, is granted. The Court will reserve judgment on the Motion to Quash as to the subpoenas for employees to testimony at trial and subpoenas duces tecum for production of documents pending further oral arguments on Thursday, January 17, 2008 at 10:00 AM.

B) Subpoenas as to AUSA Haynes

Defendant requested subpoenas to order the appearance of Assistant United States Attorney Patricia Haynes as a witness on January 14 and 17, 2008. The relevant Touhy regulations for the Department of Justice state that "[i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or

5

matter." 28 CFR § 16.23(c). Defendant did not include an affidavit regarding the summary of testimony, although he did include a letter with a brief summary of requested testimony.

The appropriate agency official has not had sufficient time to consider the subpoena requests as to AUSA Haynes and make a final determination regarding the appropriateness of the disclosure requested by the subpoenas. For this reason, the Court will reserve its decision on the matter of the subpoenas of AUSA Haynes until Thursday, January 17, 2008, or such time as the agency official has made a determination.

### IV. Conclusion

For the foregoing reasons, the Government's Motions to Quash Subpoenas as to USAID and AUSA Haynes are granted as to the subpoenas for USAID employee testimony for January 14, 2008, and reserved as to all other subpoenas.

An appropriate Order will issue.


January 15, 2008                          /s/
Alexandria, Virginia              James C. Cacheris
                         UNITED STATES DISTRICT COURT JUDGE

6